**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PATRICIA STYSKAL,

        Plaintiff-Appellant,

    v.

WELD COUNTY BOARD OF
COUNTY COMMISSIONERS; ED
JORDAN, Sheriff, in his official
capacity,

        Defendants,

    and

MIKE WITMAN; JOHN KIELIAN,
DALE BEVERLY, JOHN AND JANE
DOES 1-20, whose true names are
presently unknown,

        Defendants-Appellees.

No. 03-1179

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 02-K-81)

---

Submitted on the briefs:

John W. McKendree, Law Offices of John W. McKendree, Denver, Colorado, for
Plaintiff-Appellant.

Trevor J. MacLennan of Ramirez & MacLennan, Wheat Ridge, Colorado, Kimberly B. Schutt of Wick Campbell Bramer Ukasik & Trautwein, LLC, Fort Collins, Colorado, Jeffrey J. Richards and Michael S. Simpson of Anstine Hill Richards & Simpson, Denver, Colorado, for Defendants-Appellees.

---

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

---

**HARTZ** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Patricia Styskal appeals the district court's dismissal with prejudice of her claims against Appellees Mike Witman, John Kielian, and Dale Beverly.  She contends that because the district court held that it lacked supplemental jurisdiction under 28 U.S.C. § 1367 to hear her state-law claims against Appellees, it should have dismissed those claims without prejudice to enable her to refile them in state court.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Plaintiff filed suit in the United States District Court for the District of Colorado against Appellees, 20 John and Jane Does, and two other named defendants, the Weld County Board of Commissioners (the Board) and Weld

County Sheriff Ed Jordan. According to her second amended complaint: In November 1994 Plaintiff purchased property in Weld County, Colorado, that included two residential buildings and a detached garage. Appellees are Plaintiff's neighbors, and hold an easement for an irrigation ditch across her property. They engaged in various conduct constituting a trespass under Colorado law, negligently damaged her property, and conspired against her. The sheriff's department refused to respond and protect her when she complained about Appellees' behavior. The Board improperly determined that the buildings on her property could not be simultaneously used as residences under the county zoning ordinance and building codes, and informed her that she must "completely revamp a bathroom in the structure in which [she] was forced to render uninhabitable," Aplt. App. at 111 ¶ 46.

Plaintiff sued the Board and Sheriff Jordan under 42 U.S.C. § 1983, contending that the Board's enforcement of the county zoning ordinance constituted a taking in violation of the Fourteenth Amendment, and that the Board and Sheriff Jordan discriminated against her, in violation of her Fourteenth Amendment right to equal protection of the laws, because she is an unmarried woman. She also alleged state-law claims against Appellees for trespass, negligence, and conspiracy, asserting that "those claims are substantially part of the same case and/or controversy" as the federal questions presented in her

complaint. Aplt. App. at 105 ¶ 8. All defendants moved to dismiss. Appellees argued that the district court lacked supplemental jurisdiction over Plaintiff's state-law claims against them.

On November 26, 2002, the district court entered an order ruling on the motions to dismiss. First, the court agreed with Plaintiff's concession that her takings claim against the Board should be dismissed without prejudice. Second, the court granted motions by the Board and Sheriff Jordan to dismiss Plaintiff's equal protection claims, but gave Plaintiff until December 16, 2002, to amend her complaint or face dismissal with prejudice. Third, the court dismissed with prejudice Plaintiff's state-law claims against Appellees, finding that it lacked supplemental jurisdiction to hear these claims "because they are not sufficiently related to the § 1983 claims to form part of the same case or controversy as the[] federal claims." Id. at 120. Plaintiff failed to amend her complaint to cure deficiencies in her equal protection claims against the Board and Sheriff Jordan; and on January 7, 2003, the district court dismissed with prejudice those claims "and her Complaint as a whole." Id. at 123.

On April 10, 2003, Plaintiff moved the district court to enter judgment in the action to enable her to appeal its decision. The district court granted Plaintiff's motion and entered judgment on April 14, 2003. Plaintiff timely

appealed to this court. She challenges the dismissal of her claims against Appellees, but not the dismissal of those against the Board and Sheriff Jordan.

Plaintiff's sole argument on appeal is that because the district court declined to exercise supplemental jurisdiction over her state-law claims against Appellees, its dismissal of those claims should not have been with prejudice. According to Plaintiff, the district court "should have instead dismissed them <u>without prejudice</u> so that they could be pursued in state court." Aplt. Br. at 9. Appellees counter that the district court could have properly dismissed Plaintiff's state-law claims on the merits, and that even if it erred by dismissing these claims with prejudice, Plaintiff failed to object or to move to amend the judgment under Federal Rule of Civil Procedure 60. We need not consider Appellees' arguments, however, because Plaintiff's appeal is based on a misconception of the meaning of dismissal "with prejudice."

Plaintiff could find substantial support for her contention that a dismissal for lack of jurisdiction should be "without prejudice." <u>See</u> <u>Gold v. United Food & Commercial Workers</u>, 159 F.3d 1307, 1311 (10th Cir. 1998); <u>Textile Productions, Inc. v. Mead Corp.</u>, 134 F.3d 1481, 1486 (Fed. Cir. 1998); <u>Crotwell v. Hockman-Lewis Ltd.</u>, 734 F.2d 767, 769 (11th Cir. 1984). <u>But see</u> <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1213-14 (10th Cir. 2003) (affirming dismissal with prejudice of Federal Tort Claims Act claim for lack of

jurisdiction).  The premise underlying these decisions  is that a dismissal of a claim <u>with</u> prejudice necessarily has claim-preclusive effects in other jurisdictions.  See <u>Gold</u>, 159 F.3d at 1311; 9 Wright & Miller, Federal Practice & Procedure § 2373 at 396-98 (2d ed. 1995).

That premise, however, was recently rejected by the United States Supreme Court.  In <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497 (2001), a federal district court in California exercising diversity jurisdiction had dismissed the plaintiff's claim "on the merits and with prejudice" on statute-of-limitations grounds.  The question before the Court was whether the plaintiff's identical claim filed in Maryland state court was barred by that dismissal.

The defendant, arguing claim preclusion, relied on Federal Rule of Civil Procedure 41(b), which states:

> Involuntary Dismissal:  Effect Thereof.  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The defendant pointed out that the dismissal in the California federal court "operate[d] as an adjudication upon the merits" because the court's order did not "otherwise specif[y]" and was not a dismissal "for lack of jurisdiction, for improper venue, or for failure to join a party."  <u>Semtek</u>, 531 U.S. at 501.

The Supreme Court accepted the defendant's characterization of the federal court dismissal but rejected the proposition that "all judgments denominated 'on the merits' are entitled to claim-preclusive effect." Id. Acknowledging that "[t]he original connotation of an 'on the merits' adjudication is one that actually 'passes directly on the substance of a particular claim,' id. at 501-02 (quoting Restatement (Second) of Judgments § 19, cmt. a at 161 (1982) (brackets omitted)), the Court said that nevertheless "over the years the meaning of the term 'judgment on the merits' 'has gradually undergone change,'" id. at 502 (quoting R. Marcus, M. Redish, & E. Sherman, Civil Procedure: A Modern Approach 1140-41 (3d ed. 2000).) According to the Court, the term "has come to be applied to some judgments . . . that do not pass upon the substantive merits of a claim, id. at 502, and "it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect," id. at 503. The court concluded that the phrase "adjudication upon the merits" in Rule 41(b) does not mean that the judgment must result in claim preclusion. Id. at 503-05.

The Court decided that "adjudication upon the merits" is simply "the opposite of a 'dismissal without prejudice.'" Id. at 505. And according to the Court, "The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." Id. As the Court summed up:

We think, then, that the effect of the 'adjudication upon the merits' default provision of Rule 41(b)--and, presumably, of the explicit order in the present case that used the language of that default provision--is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling in the United States District Court for the Central District of California. That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts.

Id. at 506. From this statement we may fairly "infer that when a [federal] court rules that a dismissal is with prejudice, it is saying only that the claim cannot be refiled in that court." 355 F.3d at 1215 (Hartz, J., concurring) (internal quotation marks omitted).

Thus, the dismissal with prejudice by the district court in this case does not necessarily mean anything more than that Plaintiff cannot refile her claim in the United States District Court for the District of Colorado. Whether she is barred from filing her claim in Colorado state court is a matter of claim-preclusion law that is not determined solely by how the federal court dismissal is styled.[1] As a result, the relief sought by Plaintiff—restyling the federal court dismissal as

---

[1]For example, if the federal court's ruling is based on the substance of the claim (what has often been termed an "adjudication on the merits," see Semtek, 531 U.S. at 501-05 (but holding that this is not the meaning of the phrase in Fed. R. Civ. P. 41(b))), the doctrine of claim preclusion would ordinarily prevent further proceedings on the claim in a later state action. But if the federal court's dismissal is based on a procedural ground, the federal ruling is unlikely to have any preclusive effect in state court, even though the dismissal may bar the plaintiff from returning to federal court. See Steele, 355 F.3d at 1215 (Hartz, J., concurring).

"without prejudice"—is beside the point. The state court's decision regarding whether claim preclusion prevents a state lawsuit will depend upon the basis of the federal court's dismissal, not the nomenclature employed by the federal court to describe the dismissal.

In sum, the district court's judgment does not necessarily preclude Plaintiff from refiling her state-law claims against Appellees in state court. Although it does preclude her from refiling them in federal court, we need not concern ourselves with whether the district court erred in that regard, because Plaintiff does not argue the point. Plaintiff's sole concern on this appeal is that the district court's denomination of the dismissal as 'with prejudice" necessarily bars her from refiling her state-law claims in state court. Because this concern is ill-founded, we AFFIRM the judgment below.