FILED
United States Court of Appeals
Tenth Circuit

**July 8, 2011**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROGER SCOTT BRYNER,

Plaintiff-Appellant,

v.

HONORABLE DENISE LINDBERG;
HONORABLE RANDALL N.
SKANCHY; WESLEY OATES,
THIRD DISTRICT COURT SALT
LAKE CITY STATE OF UTAH,

Defendants-Appellees.

No. 10-4130
(D.C. No. 2:09-CV-00253-CW-SA)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

In this appeal, Roger Scott Bryner, appearing pro se, argues that the federal

district court dismissal of his state-law malpractice claim against a former

attorney should have been without prejudice. He asks only that we modify the

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judgment to be without prejudice. We agree and modify the district court's judgment accordingly.

Mr. Bryner filed an adversary complaint alleging that the defendants, acting separately or collectively, had violated the automatic bankruptcy stay; violated 42 U.S.C. § 1983; and committed acts of legal malpractice, fraud, mail fraud, and racketeering.[1] The adversary action was later removed to the district court. The magistrate judge then recommended the claims against all the defendants except for Mr. Oates be dismissed based on the *Younger* abstention doctrine. R., Vol. 3 at 243. The district court adopted this recommendation.[2]

As to the malpractice claims against Mr. Oates, Mr. Bryner moved to have them dismissed without prejudice so he could pursue them in state court and Mr. Oates moved to have them dismissed with prejudice. The magistrate judge recommended they be dismissed with prejudice on the ground that Mr. Bryner had failed to state a claim for malpractice under Utah law. *Id.* at 255-56. The district court held simply: "As to Plaintiff's claim against . . . Oates . . . for legal malpractice, the court declines to exercise supplemental jurisdiction over the

---

[1]    Judges Denise Lindberg and Randall Skanchy of the Third District Court for the State of Utah were judges involved in Mr. Bryner's state marriage-dissolution case. Mr. Oates is an attorney who appeared on Mr. Bryner's behalf in a limited capacity in that matter.

[2]    The district court also adopted the magistrate judge's recommendation that Mr. Bryner's oral argument request that the claims against Judge Skanchy be dismissed was an alternative ground for dismissal of those claims.

matter. Accordingly, the court hereby dismisses with prejudice the claims against Oates." R., Vol. 3 at 302-03.

On appeal, Mr. Bryner asks only that the dismissal of his state-law malpractice claim against Mr. Oates be modified from a dismissal "with prejudice" to one "without prejudice."[3] He raises two arguments in support of modification, but we need address only the first: that the dismissal of his state-law malpractice claim should have been without prejudice because the court dismissed all of the claims over which it had original jurisdiction on the ground that it lacked jurisdiction due to the *Younger* abstention doctrine.

The district court stated that it was declining to exercise jurisdiction over the claim against Mr. Oates. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state-law claim for a number of reasons, including if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Mr. Bryner, however,

---

[3] Mr. Bryner's appellate briefs make clear that he is not attacking the district court's decision as to any of the defendants besides Mr. Oates. His reply brief states that he "has asked for no relief from the order of younger abstention with regard to the state defendants" and that "[n]othing remains to be done with respect to the State of Utah and the Judges there." Aplt. Reply Br. at 2.

argues not just that a district court that has declined jurisdiction over a claim should dismiss that claim without prejudice, but that, in this case, the district court was *required* to dismiss his state-law claim without prejudice after it dismissed the federal-law claims for lack of jurisdiction. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (holding that "*Younger* abstention is jurisdictional"); *with Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."). We need not decide whether the district court lacked jurisdiction to adjudicate the state-law claims or simply declined to exercise its jurisdiction; in either event, the dismissal should have been without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Mr. Oates argues that the with-prejudice dismissal should be affirmed because "the District Court proceedings correctly produced a claim-preclusive determination against Bryner." Aplee. Br. at 10. First, we note that the Utah state court is not bound in making future preclusion decisions by whether or not the federal district court used the term "with prejudice" or "without prejudice." *See Brereton*, 434 F.3d at 1218. Second, to the extent that Mr. Oates is arguing that the district court made a *merits* decision on Mr. Bryner's claim against

Mr. Oates, such an argument would require a conclusion that the district court intended to say that it "decides to exercise supplemental jurisdiction over the matter" (or something to that effect) instead of saying that it "declines to exercise supplemental jurisdiction over the matter." But such a conclusion makes no sense in light of the court's failure to then proceed to any merits analysis.

Mr. Oates next argues that affirmance of the district court's claim-preclusive, with-prejudice dismissal is required under *Brereton* and *Styskal v. Weld County Bd. of County Comm'rs*, 365 F.3d 855 (10th Cir. 2004). He is incorrect in a number of ways. First, in *Brereton* we read *Styskal* as holding "only" that "where a federal court dismisses 'with prejudice' claims over which it lacks jurisdiction, a state court need not be blinded by this nomenclature into barring a subsequent action on the same claim that is properly brought within its jurisdiction." 434 F.3d at 1218. We went on to hold that, in such a situation, we still had a duty to correct the district court's error. Thus, *Brereton* and *Styskal*, when read together, do not help Mr. Oates.

Mr. Oates also argues that Mr. Bryner's failure to file a motion to alter or amend the judgment resulted in a waiver of his right to appeal. The one case he cites for this proposition does not support it, and we can find no federal case reaching that conclusion. Finally, he argues that "Bryner failed to object to the magistrate's conclusion that he had failed to state a claim against Oates," and

that, because of this failure, the magistrate judge's report and recommendation "became the order of the court."  Aplee. Br. at 19.  This is wrong on both counts.

First, Mr. Bryner did briefly object to the magistrate judge's recommendation regarding his claim against Mr. Oates.  *See* R., Vol. 3 at 266 ("Both Roger Bryner and Defendant Oates agree that there is not any current basis for federal jurisdiction over the issue of malpractice.  Thus this court LACKS THE JURISDICTION to dismiss the cause of action with prejudice.").  Second, holding that a failure to object to a magistrate judge's recommendation *automatically* makes that recommendation the final judgment regardless of whether the district court adopts the recommendation would undermine the prohibition against magistrate judges making final decisions on dispositive matters, *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), and wreak havoc with the rules regarding finality.

We affirm the judgment of the district court dismissing the action, but REMAND to the district court to modify the dismissal of the state-law claims to be "without prejudice."  Mr. Bryner's motion to proceed *in forma pauperis* is GRANTED.

Entered for the Court

Michael R. Murphy
Circuit Judge