[Cite as *Burch v. Ohio Farmers Ins. Co.*, 2023-Ohio-912.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LAGRETA BURCH | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 22 CAE 04 0029 |
| | : | |
| OHIO FARMERS INSURANCE CO., | : | |
| ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 21 CV 12 0580 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | March 21, 2023 |

APPEARANCES:

For Plaintiff-Appellant:

CARYN M. GROEDEL
31000 Woodall Dr.
Cleveland, OH 44139

For Amicus Curiae
The Ohio Employment Lawyers Assoc.:

JASON E. STARLING
4635 Trueman Blvd., Suite 200
Hilliard, OH 43026

For Defendant-Appellee:

JOHN J. HAGGERTY
2800 Kelly Rd., Suite 200
Warrington, PA 18976

For Amicus Curiae
Ohio Chamber of Commerce:

KEVIN D. SHIMP
34 S. 3rd St., Suite 100
Columbus, OH 43215

*Delaney, J.*

{¶1} Plaintiff-Appellant LaGreta Burch appeals the March 28, 2022 judgment entry of the Delaware County Court of Common Pleas. Defendants-Appellees are Ohio Farmers Insurance Company, Westfield Insurance Company, and Betsy Jones. The Ohio Employment Lawyers Association filed a brief of amicus curiae urging reversal. The Ohio Chamber of Commerce filed a brief of amicus curiae urging affirmance.

## FACTS AND PROCEDURAL HISTORY

### Original Complaint

{¶2} On July 29, 2020, Plaintiff-Appellant LaGreta Burch filed a complaint in the Delaware County Court of Common Pleas against Defendant-Appellee Westfield Insurance Company and Defendant-Appellee Betsy Jones (hereinafter "Original Complaint"). In the Original Complaint, Burch asserted claims for pregnancy discrimination, hostile environment pregnancy harassment, and retaliation for reporting Jones to the Human Resources Department.

### Employment Law Uniformity Act

{¶3} Effective April 15, 2021, Ohio Revised Code Chapter 4112 was amended by the passage of the Employment Law Uniformity Act (hereinafter "ELUA") under H.B. 352. The ELUA amended certain portions of Chapter 4112, including imposing a two-year statute of limitations for employment discrimination claims, a requirement to exhaust administrative remedies existing under Ohio law if a claim is brought under R.C. 4112.02, and declaring that an employee was not permitted to sue a "supervisor, manager, or other employee of the employer unless that supervisor, manager, or other employee is the employer."

**Motion to Amend then a Voluntary Dismissal of Original Complaint**

{¶4} On April 9, 2021, Burch filed a motion to amend her pleading to substitute Defendant-Appellant Ohio Farmers Insurance Company in place of Westfield. On May 19, 2021, Burch filed a motion to amend her complaint to add an additional claim of retaliation against Westfield. The trial court granted both motions for leave to file an amended complaint on July 1, 2021 and stated that, "Burch may file the amended complaint attached as Exhibit 7 to Plaintiff's 5/19/21 Amended Motion for Leave to File Revised Amended Complaint." Burch did not file the amended complaint as ordered by the trial court.

{¶5} On October 5, 2021, Burch voluntarily dismissed the Original Complaint without prejudice under Civ.R. 41(A).

**Refiled Complaint**

{¶6} On December 21, 2021, Burch refiled her Original Complaint with the Delaware County Court of Common Pleas (hereinafter "Refiled Complaint"). In the Refiled Complaint, Burch named the following parties as defendants: Ohio Farmers Insurance Company, Westfield Insurance Company, and Betsy Jones (hereinafter "Ohio Farmers"). In addition to the three claims brought in the Original Complaint, Burch raised a fourth claim of retaliation based on the alleged actions of Westfield and/or Ohio Farmers during the discovery proceedings of the Original Complaint.

{¶7} The allegations in her Refiled Complaint were based on her employment with Ohio Farmers Insurance Company doing business as Westfield Insurance Company. In October 2006, Westfield hired Burch as a bodily injury specialist. In January 2014, Burch was promoted to litigation specialist. In November 2014, Burch informed her

manager, Betsy Jones, that she was pregnant and due in May 2015. Burch alleged that during her pregnancy, Jones engaged in pregnancy-based disparate treatment. When Burch returned to work from parental leave in August 2015, she alleged that Jones resumed harassing her. Burch reported Jones' behavior to the claims litigation leader and on August 31, 2015, filed a complaint about Jones' behavior with Westfield's human resources department. The human resources department informed Burch that Jones' conduct towards her did not rise to the level of harassment, but Burch was transferred to a different team.

{¶8} Burch alleged in her complaint that after she reported Jones' pregnancy-related discrimination, Jones and the claims litigation leader retaliated against Burch by increasing her workload without a proportional salary increase from 2014 to 2018. In January and February 2020, however, Burch noticed that she was being assigned 50% less cases than she received in January and February 2019.

{¶9} In 2020, Burch was interested in applying for a position as a bodily injury leader and shadowed in the department to learn about the position. The claims litigation leader encouraged her to apply for the position, but in February 2020, the claims litigation leader told her she would not be interviewed because Burch had offended the casualty litigation leader for having a meeting with a department head without permission from her manager. A less-qualified male employee was placed in the bodily injury leader position.

{¶10} Burch alleged in her complaint that due to the persistent discriminatory, harassing, and retaliatory treatment she suffered, the working conditions forced her to resign in a constructive discharge on May 12, 2020.

{¶11} Burch found employment with Wayne Mutual Insurance Company after her constructive discharge. During the discovery phase of the Original Complaint proceedings, on March 18, 2021, Westfield issued subpoenas to Burch's current employer and an attorney Burch worked with while she was employed by Westfield. Burch alleged Westfield's intent in serving the subpoenas was to embarrass her and retaliate against her for filing the complaint for discrimination.

**Motion to Dismiss**

{¶12} In lieu of an answer, Ohio Farmers filed a motion to dismiss Burch's Refiled Complaint. Ohio Farmers raised three separate arguments as to why the Refiled Complaint should be dismissed: (1) Ohio's savings statute did not apply to the Refiled Complaint because it was not substantially the same as the Original Complaint; (2) because the savings statute did not apply, the claims in the Refiled Complaint were barred by the ELUA; and (3) even if the savings statute applied to the Refiled Complaint, the Refiled Complaint failed to state a claim upon which relief should be granted.

{¶13} Burch filed a response to the motion to dismiss on February 8, 2022. Burch first argued that under notice pleading, the Refiled Complaint was sufficiently plead to survive a motion to dismiss. Burch next argued that if the savings statute applied to this matter, the Refiled Complaint was substantially the same as the Original Complaint; however, she contended the savings statute had no application in this matter because the statute of limitations on her employment discrimination claims had not passed. Specifically, the ELUA two-year statute of limitations for employment discrimination claims had no application to her claims because the ELUA made no mention of retroactivity and her claims accrued before the H.B. 352's enactment.

{¶14} Ohio Farmers filed a reply, refuting Burch's argument that ELUA was not retroactive.

**Judgment Entry Granting Dismissal of Refiled Complaint**

{¶15} On March 28, 2022, the trial court issued its judgment entry granting Ohio Farmers' motion to dismiss the Refiled Complaint. The trial court agreed with Ohio Farmers' argument that Ohio's savings statute did not apply to the Refiled Complaint because the complaint was not substantially the same as the Original Complaint. The Refiled Complaint was not substantially similar because (1) the parties in the original action and the new action were different, and (2) the Refiled Complaint brought a new claim that was absent from the prior action. Because the savings statute did not apply to the Refiled Complaint, the trial court considered the Refiled Complaint a new action subject to the ELUA and its two-year statute of limitations.[1] The trial court examined Burch's four employment discrimination causes of action and found that pursuant to the statute of limitations and administrative requirements of the ELUA, she failed to state a claim upon which relief could be granted and dismissed the Refiled Complaint.

{¶16} It is from the March 28, 2022 judgment entry that Burch now appeals.

**ASSIGNMENT OF ERROR**

{¶17} Burch raises one Assignment of Error:

{¶18} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS BECAUSE THE AMENDED EMPLOYMENT DISCRIMINATION STATUTE IS NOT RETROACTIVE AND THUS DOES NOT APPLY TO CLAIMS THAT ACCRUED PRIOR TO APRIL 15, 2021."

---

[1] The trial court did not make a specific determination that the Ohio General Assembly intended the ELUA to be applied retroactively to claims accruing before April 15, 2021.

**ANALYSIS**

{¶19} In her sole Assignment of Error, Burch contends the trial court erred in granting Ohio Farmers' motion to dismiss the Refiled Complaint. We agree.

**Standard of Review for Civ.R. 12(B)(6)**

{¶20} Our standard of review on a Civil Rule 12(B) motion to dismiss is de novo. *Dover Chemical Corp. v. Dover*, 2022-Ohio-2307, 192 N.E.3d 559, ¶ 32 (5th Dist.) citing *Huntsman v. State*, 5th Dist. Stark No. 2016CA00206, 2017-Ohio-2622, 2017 WL 1710432, ¶ 20, citing *Greeley v. Miami Valley Maintenance Contractors Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Bd. of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). In order to dismiss a complaint pursuant to Civil Rule 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 573 N.E.2d 1063 (1991).

**De Novo Consideration of Whether the ELUA Is Retroactive**

Savings Statute

{¶21} Based on its analysis of Ohio's savings statute, the trial court determined that Burch's Refiled Complaint failed to state a claim for relief because her causes of action were time and administratively barred under the ELUA. The savings statute reads:

(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

R.C. 2305.19(A). In *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 28, the Ohio Supreme Court explained the application of the savings statute to a refiled complaint:

"Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred." That characterization is also consistent with our precedent that an action that has been dismissed without prejudice is deemed to never have existed. *Antoon [v. Cleveland Clinic Found.]*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 24. The saving statute anticipates the commencement of a new action, not the reactivation of the prior action, and it says nothing about the new action relating back to the filing date of the prior action. *See id.* In fact, because the saving statute specifically permits the refiling of an action beyond the expiration of the statute of limitations, so long as the refiling occurs within one year of a failure of the prior action otherwise than on the merits, there is no need for the refiled complaint to relate back.

{¶22} The savings statute applies, however, only when the original suit and the new action are substantially the same. If the actions are not substantially the same, such as when the parties in the original action and those in the refiled action are different, the savings statute does not apply. *McGraw v. Jarvis*, 10th Dist. No. 19AP-538, 2021-Ohio-522, 168 N.E.3d 163, 2021 WL 753557, ¶ 28 citing *Children's Hosp. v. Ohio Dept. of Pub. Welfare*, 69 Ohio St.2d 523, 525, 433 N.E.2d 187 (1982). The trial court found the Original Complaint and the Refiled Complaint were not substantially the same, therefore Burch could not find protection within the savings statute from the ELUA two-year statute of limitations and administrative requirements.

{¶23} Interestingly, all parties in this appeal agree that the savings statute has no application to the Refiled Complaint, albeit for different reasons. Ohio Farmers argues that Burch cannot utilize the savings statute to refile her dismissed complaint because it was not substantially the same; therefore, it is a new complaint filed after the enactment of the ELUA, and the ELUA applies to bar her Refiled Complaint. Burch agues application of the savings statute is irrelevant to her Refiled Complaint because her claims accrued prior to the effective date of the ELUA, the ELUA is not retroactive, and therefore her Refiled Complaint is not barred by the ELUA. Wading through the muddy analytical waters of the savings statute, dates of complaints, different but the same parties, new claims, dates of claims accrual, dates of statutes of limitations, we find the heart of this appeal asks one question – is the ELUA retroactive so that the Refiled Complaint survives or fails?

Retroactive or Prospective

{¶24} R.C. Chapter 4112 was amended by the passage of the ELUA, H.B. 352, which went into effect on April 15, 2021. There is no dispute that the ELUA makes no mention of retroactivity.

{¶25} Section 28, Article II of the Ohio Constitution, prohibits the General Assembly from passing retroactive laws. "A statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. § 1.48. *See Van Fossen v. Babcock Wilcox Co.*, 36 Ohio St.3d 100, 105, 522 N.E.2d 489 (1988); *State v. Brooks*, 2022-Ohio-2478, -- N.E.3d --, ¶ 9. A statute may not be applied retroactively unless the General Assembly expressly makes it retroactive. *State v. Brooks*, 2022-Ohio-2478, ¶ 10 citing *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, ¶ 9.

{¶26} Three federal court decisions have addressed the question of whether the ELUA has retroactive application; to wit: *Williams v. Barton Malow Co.*, 581 F. Supp.3d 923 (2022); *Erwin v. Honda North America Inc.*, S.D. Ohio No. 2:20-cv-4350, 2022 WL 3716561 (Aug. 29, 2022); and *Hensley v. West Chester Township*, S.D. Ohio No. 1:21cv373, 2022 WL 4621432 (Sept. 30, 2022). The Northern District and Southern District courts agreed there was no language in the ELUA indicating that the General Assembly intended for it to apply retroactively and therefore the ELUA could not be applied retroactively. *Accord Truex v. State Automobile Mut. Ins. Co.*, Franklin C.P. No. 21CV004747 (Feb. 10, 2022).

{¶27} Consistent with the Ohio Supreme Court's binding precedent as to the statutory interpretation of retroactive application and the persuasive authority of our

federal colleagues, we find the ELUA is not retroactive and has only prospective application.

<u>Statute of Limitations</u>

{¶28} A statute of limitations establishes "a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." *Black's Law Dictionary* 1707 (11th Ed.2019). *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 9. Burch alleges in her complaint that her claims for employment discrimination and retaliation accrued on May 12, 2020 and her second claim for retaliation accrued on March 18, 2021. Ohio Farmers argues against those dates; however, we cannot say that those dates are not correct under our limited standard of review where we must only consider the four corners of the Refiled Complaint and the allegations therein in a light most favorable to Burch. *See Dover Chem. Corp. v. Dover*, 2022-Ohio-2307, 192 N.E.3d 559, ¶ 32 (5th Dist.) citing *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

{¶29} Prior to the April 15, 2021 enactment of the ELUA, R.C. Chapter 4112 required an employee claiming workplace discrimination to bring his or her civil action within six years of the accrual of the claim. "R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six-year statute of limitations." *Cosgrove v. Williamsburg of Cincinnati Mgt. Co.*, 70 Ohio St.3d 281, 638 N.E.2d 991, 991 (1994). R.C. 2305.07(B) states, in relevant part, that "an action upon * * * a liability created by statute other than a forfeiture or penalty * * * shall be brought within six years after the cause of action accrued." *Id.* at 992. The ELUA amended R.C. Chapter 4112 to codify a two-year statute of limitations to file a civil action for employment discrimination claims.

{¶30} The calculation of the statute of limitations is based on the date the claims of the plaintiff accrued. Reviewing the complaint in a light most favorably to Burch, her claims of workplace discrimination accrued before April 15, 2021. The ELUA has no retroactive application; therefore, Burch's claims must be considered under the six-year statute of limitations of R.C. Chapter 4112, in effect prior to the enactment of the ELUA. Upon our de novo review, we find her causes of action for workplace discrimination were timely filed within the six-year statute of limitations and the trial court erred in dismissing her claims as barred by the ELUA's two-year statute of limitations.

Administrative Remedies

{¶31} In its motion to dismiss, Ohio Farmers argued that Burch failed to state her retaliation claims upon which relief could be granted because she did not first exhaust her administrative remedies as required by the ELUA. Under the new amendments to R.C. Chapter 4112, a plaintiff alleging a violation of R.C. 4112.02 must first file a charge with the Ohio Civil Rights Commission. *See* R.C. 4112.052(a). The trial court dismissed her retaliation claims as being barred by the ELUA.

{¶32} In this case, we find that the amendments to R.C. Chapter 4112 do not block Burch's retaliation claims based on our determination that the ELUA is not retroactive and does not apply to claims arising before the amendments' effective date of April 15, 2021. Burch's failure to exhaust her administrative remedies with the OCRC before filing the Refiled Complaint is not a bar to her claims for retaliation under R.C. Chapter 4112. *See Hensley v. West Chester Township*, S.D. Ohio No. 1:21cv373, 2022 WL 4621432 (Sept. 30, 2022), *6.

Supervisor Liability

{¶33} In her Refiled Complaint, Burch named her former manager, Betsy Jones as a party-defendant to her claims for workplace discrimination, which accrued before April 15, 2021. The trial court granted Ohio Farmers' motion to dismiss Jones as a defendant because the ELUA prohibits individual supervisory liability where the supervisor is acting in the interests of the employer. *See* R.C. 4112.08(A). Under the ELUA, an individual supervisor will only face individual liability if (1) the supervisor is an employer, or (2) the claim involves retaliation for opposing discrimination, aiding a discriminatory practice, or obstructing a person from complying with the Ohio Civil Rights law. *See* R.C. 4112.01(A)(24)(a); R.C. 4112.08(A).

{¶34} Prior to the enactment of the ELUA, R.C. 4112.08 contained no provision prohibiting individual liability for supervisors under R.C. Chapter 4112. *See Genaro v. Central Transp., Inc.*, 84 Ohio St.3d 293, 300, 703 N.E.2d 782 (1999). In accord with our determination that the ELUA has no retroactive effect, we find the trial court erred in dismissing Jones as a party-defendant pursuant to the ELUA.

**The ELUA Is Not Retroactive and the Refiled Complaint Survives**

{¶35} At this stage of the proceedings, our analysis is limited to the facts alleged in the Refiled Complaint. Construing all material allegations in the Refiled Complaint (along with all reasonable inferences that could be drawn therefrom) in favor of Burch, we cannot state that Burch is barred by the ELUA from proceeding with her causes of action raised in the Refiled Complaint.

{¶36} Burch's sole Assignment of Error is sustained.

**CONCLUSION**

{¶37} The judgment of the Delaware County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings consistent with this Opinion and law.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.