[Cite as *Blank v. Nationwide Mut. Ins. Co.*, 2024-Ohio-2500.]

8N THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Gregg Blank, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-183 |
| v. | : | (C.P.C. No. 22CV-259) |
| Nationwide Mutual Insurance Co., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 28, 2024

**On brief:** *Kemp, Schaeffer & Rowe Co., LPA, Erica Ann Probst*, and *Andrea L. Salvino*, for appellant. **Argued:** *Erica Ann Probst*.

**On brief:** *Jones Day*, and *Tonya B. Braun*, for appellee. **Argued:** *Tonya B. Braun*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Gregg Blank, appeals from the February 22, 2023 judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of his former employer, defendant-appellee, Nationwide Mutual Insurance Company ("Nationwide") on his retaliation and R.C. 4112.02 race discrimination claims. For the reasons outlined below, we reverse in part and affirm in part.

## I. Facts and Procedural History

{¶ 2} On January 3, 2019, Blank filed a complaint against Nationwide in the United States District Court for the Southern District of Ohio ("District Court"). In that complaint, Blank asserted the following facts. Blank, a Jewish Caucasian male, born December 7, 1965,

began his employment with Nationwide on August 31, 2010. In 2014, he was promoted to Associate Director of Specialty Material Damage Claims; in 2018, he supervised 75 individuals, including 7 managers. In late January 2018, Blank began experiencing health issues, which he reported to his leadership team. In early February 2018, Blank and 2 of his subordinate managers, Devin A. Penwell and Laura M. Glinski, both Caucasian, had an at-work conversation about jury duty. According to Blank, he commented that his father advised him that to get out of jury duty, one need only ask "where are the people I'm going to fry or hang." (Mot. for Summ. Jgmt., Ex. G. at ¶ 14.) Later that day, Glinski told Blank that Penwell was offended by Blank's remark, as Penwell had an African American son. Although Blank did not understand why Penwell was offended, as his remark was not racially motivated, he nonetheless apologized to Penwell.

{¶ 3} In mid-March 2018, Blank filed a complaint against Nationwide's Office of Associate Relations ("OAR") alleging inconsistent application of its policies, broken processes, and failed communications. Later that month, Blank was notified by an OAR investigator, Seema Anand, that Penwell and Glinski had filed a complaint against him alleging he used a racial slur during the jury duty conversation. After Blank denied the allegation, Anand reminded him that he was not to retaliate against Penwell and Glinski for complaining to OAR; Blank assured Anand he would not retaliate.

{¶ 4} At the end of March 2018, as part of his routine supervisory duties, Blank evaluated Glinski's job performance. Upon discovering certain problems with her job performance, Blank emailed Glinski; he identified the problems and directed her to correct them. Following a somewhat contentious email exchange between the two, Blank informed Glinski that she could either follow his directions or he could contact OAR to discuss her insubordination.

{¶ 5} On April 2, 2018, Anand advised Blank that he was being placed on paid administrative leave pending an investigation into his alleged retaliation against Glinski. On April 5, 2018, Blank applied for and was granted leave under the Family and Medical Leave Act ("FMLA") related to his health issues. On April 9, 2018, Anand advised Blank that pursuant to its investigation, OAR had concluded that Blank's email to Glinski stating that he would contact OAR about her alleged insubordination was considered retaliatory. That same day, Blank was informed he was being demoted to a non-managerial position.

He thereafter sent a formal written complaint to Nationwide's Office of Ethics alleging discriminatory and retaliatory conduct by OAR and requested reinvestigation of the matter. On June 5, 2018, Ann Compton, an OAR investigator, provided Blank details about the allegation Penwell and Glinski made against him regarding the racial slur; he vehemently denied the allegation. On June 8, 2018, Compton advised Blank that his demotion was permanent, with no chance of promotion or pay increase. Glinski subsequently replaced Blank as an Associate Director.

{¶ 6} Blank also asserted in his complaint that in the months preceding his demotion, two of his colleagues, Matt Hawk and Joe Allocco, sent him numerous text messages disparaging "women, minorities and other religious groups." (Mot. for Summ. Jgmt., Ex. G, *Blank v. Nationwide Corp.*, S.D. Ohio No. 2:19-cv-00018-JLG-CMV (Sept. 9, 2020) at ¶ 92-93.) Blank asserted he advised Nationwide of this harassment prior to filing his lawsuit. Hawk and Allocco were placed on administrative leave on November 7, 2018.

{¶ 7} Blank alleged that in demoting and disciplining him, Nationwide engaged in reverse gender discrimination, having replaced him with a member of a protected class, i.e., a female; retaliated against him for reporting OAR's inconsistent practices and behaviors; violated Ohio public policy; engaged in disability discrimination under R.C. 4112.02, having replaced him with an individual who was not disabled; and engaged in age discrimination, having replaced him with an individual under the age of 40. Blank also alleged Nationwide created a hostile work environment based on the text messages he received from Hawk and Allocco and interfered with his FLMA rights by contacting him about his demotion during his approved FMLA leave. Blank also alleged that by falsely reporting to OAR that he used a racial slur in a conversation with them, Glinski and Penwell defamed him and intentionally interfered with his employment relationship with Nationwide. *See Blank v. Nationwide Corp.*, S.D. Ohio No. 2:19-cv-00018-JLG-CMV (Sept. 9, 2020).[1]

{¶ 8} Nationwide, Penwell, and Glinski moved for summary judgment. *See Blank*. In that motion, and as relevant here, Nationwide argued Blank failed to specify whether his reverse gender discrimination claim was based on federal law or state law. Nationwide maintained Blank's federal claim would be foreclosed because he did not exhaust his

---

[1] Nationwide attached the District Court opinion to its motion for summary judgment filed in the present case as exhibit B.

administrative remedies by first filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). Nationwide further argued that Blank could not establish a prima facie case of reverse gender discrimination under either federal or state law. Regarding Blank's retaliation claim, Nationwide argued Blank failed to establish a prima facie case of retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII").

{¶ 9} In his response to Nationwide's motion for summary judgment, Blank did not expressly state whether his reverse gender discrimination and retaliation claims were based on federal or state law. However, in arguing that he had established a prima facie case of reverse gender discrimination and retaliation, he relied exclusively on Title VII and related federal case law. Nationwide filed a reply to Blank's memorandum contra arguing, inter alia, that Blank failed to rebut Nationwide's argument that he could not establish a prima facie case of reverse gender discrimination or retaliation. Nationwide supported its contentions with citations to federal law.

{¶ 10} While the District Court case was pending, Nationwide shared its plan for a reduction in force affecting numerous employees, including Blank; he was terminated from Nationwide on April 15, 2019. *Blank.* On February 26, 2020, the District Court issued an order permitting Blank to depose Joe Centanni regarding Nationwide's decision to terminate Blank's employment. There is no indication in the record that Blank ever moved to amend his federal complaint following his termination from employment. *See id.*

{¶ 11} On September 9, 2020, the District Court granted Nationwide's motion for summary judgment in its entirety and dismissed all Blank's claims "with prejudice." (Mot. for Summ. Jgmt., Ex. B at 15.) *See id.* Pertinent here, the District Court found Blank could not proceed on his Title VII claims for reverse gender discrimination and retaliation because no record evidence established that he exhausted his administrative remedies by first filing a charge of discrimination with the EEOC. *See id.* The District Court also found Blank did not establish a prima facie case of disability. The District Court further found Blank did not establish that Nationwide's legitimate, non-discriminatory reason for Blank's discipline and demotion was pretext.

{¶ 12} Blank timely appealed the District Court's decision to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") and as required, submitted a Civil Appeal Statement of Parties and Issues ("Civil Appeal Statement"). In that document, Blank

asserted: "There are legal reasons for improperly granting summary judgment, specifically that the Court dismissed three of Plaintiff's claims alleging they were filed under Title VII, when they were filed under Title 4112, and no notice of suit rights letter was required." (Mot. for Summ. Jgmt., Ex. I at 709.)  Blank's subsequent briefing in the Sixth Circuit did not raise or further address the federal law/state law issue, nor did Blank challenge the District Court's dismissal "with prejudice."  Indeed, in his Statement of Issues For Review, Blank argued only that the District Court: (1) improperly determined there was no FMLA interference despite Nationwide's admission of such, (2) improperly determined there was no disability discrimination, and (3) improperly weighed evidence in granting summary judgment to Glinski and Penwell on Blank's defamation claim.  In the argument section of his briefing, Blank expounded on only these three issues.

{¶ 13} On August 6, 2021, the Sixth Circuit issued an opinion affirming the District Court's order granting summary judgment to Nationwide, Penwell, and Glinski.  *See Blank v. Nationwide Corp.*, 6th Cir. No. 20-3969 (Aug. 6, 2021).[2]  At the outset of its opinion, the Sixth Circuit noted that Blank was appealing the District Court's decision granting summary judgment to Nationwide and the individual defendants on his claims of disability discrimination, interference with his FMLA rights, and defamation.  *See Blank*, 6th Cir. No. 20-3969.[3]  The Sixth Circuit analyzed Blank's arguments as to those three claims,[4] determined none had merit, and affirmed the District Court's decision granting summary judgment.  *See also Blank*, 6th Cir. No. 20-3969.

---

[2] Nationwide attached the Sixth Circuit opinion to its motion for summary judgment filed in the present case as exhibit C.

[3] Further, in its recitation of the procedural posture of the case, the Sixth Circuit noted the District Court granted summary judgment to Nationwide as a matter of law on Blank's "Title VII claims for reverse discrimination, retaliation, and hostile work environment because he did not file a charge of discrimination with the EEOC before filing suit." (Mot. for Summ. Jgmt., Ex. C, Sixth Circuit No. 3969 Decision at 9.) Because Blank did not contend in his briefing before the Sixth Circuit that the District Court erred in dismissing those claims for failure to exhaust administrative remedies, the Sixth Circuit had no occasion to consider the propriety of the District Court's decision in that regard.

[4] In addressing Blank's arguments regarding his disability claim, the Sixth Circuit noted that Blank's complaint indicated he was pursuing that claim under R.C. 4112.02; however, in his briefing, Blank cited to the Americans with Disabilities Act. The Sixth Circuit determined the discrepancy did not alter evaluation of the claim because R.C. 4112.02 and the Americans with Disabilities Act employ the same analysis. *See Blank*, 6th Cir. No. 3969, fn. 5, citing *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 872 (6th Cir.2007).

{¶ 14} On January 12, 2022, Blank filed the lawsuit that is the subject of the present appeal. In his complaint, Blank asserted claims against Nationwide under R.C. Chapter 4112 for reverse gender discrimination, race discrimination, and retaliation related to his discipline, demotion, and termination of employment. In support of those claims, Blank asserted facts nearly identical to those set forth in his federal complaint, particularly with regard to his reverse gender discrimination and retaliation claims. As to his race discrimination claim, Blank asserted that Nationwide openly promoted an environment meant to discriminate against Caucasians in favor of certain minority groups. Blank further asserted that he reported receiving numerous derogatory text messages from Hawk, Allocco, and Penwell regarding "Jewish males"; however, Nationwide did not investigate the matter. (Compl. at ¶ 54.) Blank also asserted Nationwide discriminated against Jewish associates by denying their request to form an Associate Resource Group like those Nationwide approved for women and other minorities.

{¶ 15} On the face of the complaint, Blank acknowledged his previously filed federal action. He specifically alleged the three state law claims asserted in the present complaint were raised in his federal complaint but were not adjudicated by the District Court.

{¶ 16} On March 17, 2022, Nationwide filed a Civ.R. 12(B)(6) motion to dismiss, arguing Blank's claims were barred by the doctrine of res judicata and independently failed due to the absence of sufficient operative facts to support the claims. On July 6, 2022, the trial court filed a decision and entry granting in part and denying in part Nationwide's motion to dismiss. The court first determined that consideration of the res judicata issue on a Civ.R. 12(B)(6) motion was improper. The court then considered whether Blank had pleaded sufficient operative facts to support his claims. In so doing, the court first observed there was confusion about what causes of action Blank had pled regarding his discrimination claims. Specifically, the court noted that in paragraph 47 of the complaint, Blank asserted a cause of action for reverse gender discrimination (alleging the reason for his demotion and discipline was because he is a male and was replaced by a member of a protected class, i.e., a female), and in paragraph 56 of the complaint, he asserted a cause of action for reverse race discrimination (alleging the reason for his demotion and discipline was because he is Caucasian). The court further observed that in his response to Nationwide's motion to dismiss, Blank averred he was asserting claims for reverse race

discrimination based on his Caucasian race, race discrimination based on his Jewish race, and reverse gender discrimination. Upon review of the elements of each of those discrimination claims, and the supporting facts set forth in the complaint, the trial court concluded that Blank had failed to plead sufficient operative facts to support his reverse gender and reverse race discrimination claims but had pled sufficient operative facts to support his race discrimination claim. Accordingly, the trial court dismissed Blank's reverse gender and reverse race discrimination claims and permitted only the race discrimination and retaliation claims to proceed.

{¶ 17} On July 19, 2022, Nationwide filed an answer and affirmative defenses to Blank's complaint. The affirmative defenses included that Blank's claims were barred by res judicata and "by any theories subsidiary or related to res judicata (such as, for example, claim splitting) and otherwise barred by the re-pleading of claims that were or could have been asserted in a prior action." (Answer at 13.) Nationwide further asserted Blank's claim for race discrimination failed "because the race of 'Jewish' is not a characteristic protected under [R.C.] Chapter 4112." (Answer at 14.)

{¶ 18} On August 15, 2022, Nationwide filed a motion for summary judgment contending appellant's claims were barred by the doctrine of res judicata and therefore should be dismissed with prejudice.[5] In support of its motion, Nationwide submitted copies of the above-referenced documentation related to the federal court proceedings. According to Nationwide, the facts alleged in Blank's federal complaint were nearly identical to those asserted in the present complaint. Nationwide argued Blank's present claims should be dismissed because they were or could have been asserted in his since-dismissed federal court lawsuit, which resolved with a final judgment on the merits.

{¶ 19} On September 19, 2022, Blank filed a memorandum contra to Nationwide's motion for summary judgment. Blank asserted his state law claims for race discrimination and retaliation brought pursuant to R.C. Chapter 4112 were not barred by res judicata because the District Court's decision did not constitute a prior valid judgment on the merits as to those two claims, as the District Court erroneously determined those claims were filed

---

[5] Prior to Nationwide's submission of its motion for summary judgment, the parties agreed that before engaging in any substantive discovery on Blank's claims, Nationwide would submit the "threshold, dispositive issue" of res judicata to the court via a motion for summary judgment filed on or before August 15, 2022. (Nationwide's Mot. for Summ. Jgmt. at 7, fn. 2, citing July 27, 2022 Rule 26(F) Conference Report at 2.)

pursuant to Title VII and dismissed them for failure to exhaust administrative remedies. Citing the Civil Appeal Statement he filed in the Sixth Circuit, Blank asserted that he "made clear in his appeal" that his race discrimination and retaliation claims were brought pursuant to both federal and state law. (Memo Contra at 14.) Blank further argued that at the time he filed his federal complaint, R.C. Chapter 4112 did not require a plaintiff to exhaust administrative remedies prior to filing a lawsuit.[6] Blank also argued that in a Title VII context, a dismissal for failure to exhaust administrative remedies does not invoke res judicata because such a dismissal is not considered an adjudication on the merits. Blank further maintained that the District Court's decision not to exercise supplemental jurisdiction over his state law claims is a jurisdictional defect which does not have the preclusive effect of res judicata. Blank also asserted that his present complaint "vastly differs" from his prior federal complaint because his present complaint alleges claims based on his termination from employment and such claims were not and could not have been asserted in his federal complaint because at the time of that filing, his employment had not yet been terminated. (Memo Contra at 2.) Thus, argued Blank, as his claims related to the termination of his employment were not litigated in federal court, res judicata does not apply. Blank further argued that the retaliation claim asserted in the present complaint was "drastically different" from that asserted in the federal complaint, in that in the present complaint he provided more detailed instances of his participation in the protected activities that led to his termination. (Memo Contra at 3.)

{¶ 20} On October 10, 2022, Nationwide filed a reply in support of its motion for summary judgment. Nationwide first asserted that any failure by the District Court to adjudicate Blank's state law claims on the merits was due to Blank's failure to clarify, through either reference to R.C. 4112.02 or citation to state case law, that he intended to assert state law claims. Nationwide noted Blank clearly cited R.C. 4112.02 when asserting his disability discrimination claim; by contrast, no such reference was made with respect to his reverse gender discrimination and retaliation claims. Nationwide further noted that

---

[6] Effective April 15, 2021, R.C. Chapter 4112 was amended by the passage of the Employment Law Uniformity Act under H.B. No. 52. The Employment Law Uniformity Act amended certain provisions of R.C. Chapter 4112, including, as relevant here, imposing a requirement to exhaust administrative remedies existing under Ohio law for claims brought under R.C. 4112.02. *Burch v. Ohio Farmers Ins. Co.*, 5th Dist. No. 22 CAE 04 0029, 2023-Ohio-912, ¶ 3.

while Blank arguably identified the District Court's error in his Civil Appeal Statement, he did not further pursue the issue in his appellate briefing before the Sixth Circuit. Nationwide argued that "Blank's ineffectual attempt to litigate his state law claims in the first instance does not provide a basis for him to relitigate his state law claims before this Court." (Reply Memo at 3.) Nationwide also argued that Blank's assertion that the dismissal of his Title VII claims for failure to exhaust administrative remedies was not a decision on the merits and thus no bar to a subsequent lawsuit was irrelevant because Blank was not attempting to re-assert his Title VII claims in his present complaint. Nationwide further disputed what it characterized as Blank's "outlandish claim" that the District Court elected not to exercise supplemental authority over his state law claims. (Reply Memo at 4.) Finally, Nationwide argued the only reason the District Court did not consider Blank's termination of employment claim was because he did not move for leave to amend his complaint to assert that claim.

{¶ 21} In a decision and entry filed February 22, 2023, the trial court granted Nationwide's motion for summary judgment and dismissed Blank's race discrimination and retaliation claims on the basis that both were barred by the doctrine of res judicata. Noting that the doctrine of res judicata encompasses both claim preclusion and issue preclusion, the trial court first set forth the criteria applicable to claim preclusion: (1) there was a prior valid judgment on the merits, (2) the present action involves the same parties or their privies as in the prior action, (3) the present action raises claims that either were or could have been litigated in the prior action, and (4) both actions arise out of the same transaction or occurrence.

{¶ 22} The trial court addressed each of the four criteria applicable to the claim preclusion aspect of res judicata. As to the first element, the trial court found there was a prior valid judgment on the merits in the federal case. The trial court averred that "[t]he Sixth Circuit finding it had jurisdiction to accept and hear [Blank's] appeal demonstrates that there was a valid judgment from the District Court that disposed of all the claims and parties." (Decision & Entry at 6.) The court further averred that the "Sixth Circuit made the determination that it had jurisdiction after it was given notice [via Blank's Civil Appeal Statement] that Blank believed the District Court dismissed several claims under federal law when he had asserted them under state law." (Decision & Entry at 6.)

{¶ 23} The trial court found unpersuasive Blank's contention that the District Court did not reach the merits of his state law claims. The court noted that in his Civil Appeal Statement, Blank specified that the District Court's dismissal of the state law claims was an issue to be addressed; however, because he did not pursue that argument in his appellate briefing, that argument was forfeited. The court averred:

> Creative pleading does not, and should not, allow a plaintiff to avoid res judicata. In the District Court, the complaint made it unclear whether the relevant claims were brought under federal or state law. Nationwide pointed this out and addressed both state and federal law in the motion for summary judgment before that court. Blank did not offer clarification in the briefings. Then, on appeal, Blank stated that he had asserted only state law claims under R.C. Title 4112 and the District Court erred by considering them under federal law. After forfeiting that argument, Blank then reasserted identical claims here.

(Decision & Entry at 7-8.)

{¶ 24} The trial court also rebuffed Blank's contention that the District Court chose not to exercise supplemental jurisdiction over his state law claims. The court indicated Blank failed to provide a citation to the District Court record which would support such claim and that the court could not locate any such decision.

{¶ 25} As to the second element, the trial court averred there was no dispute that the instant action involved the same parties as the prior federal action.

{¶ 26} Involving the third element, the trial court found the present action raised claims that either were or could have been litigated in the District Court action. Specifically, while acknowledging that Blank's federal complaint did not include any allegations pertaining to his termination of employment because such occurred during the pendency of the District Court case, the trial court determined that any such claims could have been litigated in the District Court action by means of a motion to amend the complaint following Blank's termination of employment.

{¶ 27} Concerning the fourth element, the trial court found that comparison of the complaints filed in the District Court and the present action demonstrated that the cases share a common nucleus of operative facts. The court reasserted that even though the District Court complaint did not include allegations pertaining to the termination of Blank's

employment, those issues could have been litigated in the District Court action via a motion to amend the complaint.

{¶ 28} Based on its finding that the claims asserted in the present action were barred by the claim preclusion aspect of res judicata, the trial court did not address the issue preclusion/collateral estoppel aspect of res judicata.

## II. Assignment of Error

{¶ 29} In a timely appeal, Blank sets forth a sole assignment of error for our review:

> The trial court's decision to grant Appellee Nationwide Mutual Insurance Co.'s Motion for Summary Judgment pursuant to res judicata was improper.

## III. Discussion

{¶ 30} Blank's sole assignment of error contends the trial court erroneously granted Nationwide's motion for summary judgment on the basis of claim preclusion.

{¶ 31} Initially, we set forth the standard of review applicable to summary judgment dispositions. An appellate court reviews a decision on a motion for summary judgment under a de novo standard. *LRC Realty, Inc. v. B.E.B. Props.*, 160 Ohio St.3d 218, 2020-Ohio-3196, ¶ 11; *Silveous v. 5 Starr Salon & Spa, L.L.C.*, 10th Dist. No. 22AP-456, 2023-Ohio-841, ¶ 30, citing *Capella III L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen, Admr. v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001). De novo appellate review means that the court of appeals conducts an independent review of the record and affords no deference to the trial court's decision. *Silveous* at ¶ 30, citing *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9; *Wiltshire Capital Partners v. Reflections II, Inc.*, 10th Dist. No. 19AP-415, 2020-Ohio-3468, ¶ 12. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181 (1997). In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party. *Silveous* at ¶ 30, citing *Premiere Radio Networks, Inc. v Sandblast*

*L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6, citing *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8.

{¶ 32} Pursuant to Civ.R. 56(C), the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party cannot satisfy this initial burden by simply making conclusory assertions, but instead must demonstrate, including by use of affidavit or other evidence allowed by Civ.R. 56(C), that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wilshire Capital* at ¶ 13. If the moving party fails to satisfy this initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies the initial burden, the non-moving party has a burden to respond, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Dresher* at 393; *Silveous* at ¶ 31, citing *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 33} Whether res judicata applies in a particular case is a question of law that is reviewed de novo. *State Bur. of Workers' Comp. v. Price*, 10th Dist. No. 23AP-82, 2023-Ohio-4395, ¶ 11, citing *State v. Jefferson*, 10th Dist. No. 21AP-306, 2021-Ohio-4188, ¶ 7. *See also Holt*, 2010-Ohio-6529, ¶ 9. " ' "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." ' " *Id.*, quoting *Koehring v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-396, 2007-Ohio-2652, ¶ 10, quoting *BP Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 812 (8th Dist.2000).

{¶ 34} The doctrine of res judicata encompasses both claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. *State v. C.L.H.*, 10th Dist. No. 18AP-495, 2019-Ohio-3786, ¶ 5. As noted above, the trial court resolved the case based on claim preclusion and did not address issue preclusion.

{¶ 35} This court explained claim preclusion in *State v. Harding*, 10th Dist. No. 13AP-362, 2014-Ohio-1187:

> " 'Claim preclusion prevents subsequent actions, by the same
> parties or their privies, based upon any claim arising out of
> the transaction that was the subject matter of a previous
> action.' " [*State ex rel.*] *Nickoli* [*v. Erie Metroparks*], 124 Ohio
> St.3d 449, 2010-Ohio-606, at ¶ 21, quoting *Ft. Frye Teachers
> Assn.* [*OEA/NEA v. State Emp. Relations Bd.*], 81 Ohio St.3d
> 392 at 395 [1998]. Under claim preclusion, a previous
> judgment is conclusive as to all claims that were or could have
> been litigated in the first action. *State ex rel. Schachter v. Ohio
> Public Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-
> 1704, ¶ 27. Thus, a plaintiff must present every ground for
> relief in the first action or be forever barred from asserting it.
> *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000).

*Id.* at ¶ 24.

{¶ 36} Claim preclusion applies when: (1) there was a prior valid judgment on the merits, (2) the present action involves the same parties as the prior action (or the parties in the present action are in privity with the parties in the prior action), (3) the present action raises claims that were or could have been litigated in the prior action, and (4) both actions arise out of the same transaction or occurrence. *Daniel v. Williams*, 10th Dist. No. 13AP-155, 2014-Ohio-273, ¶ 18, citing *Dehlendorf v. Ritchey*, 10th Dist. No. 12AP-87, 2012-Ohio-5193, ¶ 12.

{¶ 37} Blank does not challenge the second, third, or fourth elements of claim preclusion; indeed, Blank concedes Nationwide has established those elements. Rather, Blank focuses solely on the first element, arguing the District Court dismissed his race discrimination and retaliation claims for failure to exhaust administrative remedies, and that such a dismissal does not constitute an adjudication on the merits.

{¶ 38} We first address Blank's R.C. 4112.02 retaliation claim filed in the trial court. As noted above, the District Court dismissed Blank's retaliation claim "with prejudice" for failure to exhaust administrative remedies. In so doing, the District Court construed the retaliation claim as being filed pursuant to Title VII[7] and did not address the claim as being

---

[7] "To establish a prima facie case of retaliation under Title VII, the plaintiff must show that (1) he engaged in activity protected by Title VII, (2) the defendant knew of the protected activity, (3) the defendant thereafter took an adverse employment action against the plaintiff, and (4) a causal connection existed between the protected activity and the adverse employment action." *Greer v. Cummins, Inc.*, 6th Cir. No. 22-5663 (Oct. 23, 2023), citing *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 504 (June 27, 2014).

filed pursuant to R.C. 4112.02.[8]  Nevertheless, Blank contends that a failure to exhaust administrative remedies is not an "adjudication on the merits" entitled to claim-preclusive effect in another court.  Notwithstanding that he did not appeal the District Court's designation of "with prejudice" on its dismissal of the retaliation claim for failure to exhaust administrative remedies, in support of his argument before us Blank cites many federal cases which hold dismissal for failure to exhaust remedies is not an adjudication on the merits or is without prejudice.  Nationwide suggests that a dismissal "with prejudice" operates as an "adjudication on the merits" entitled to claim-preclusive effect in any court, regardless of the reason for the dismissal.  We look to the United States Supreme Court for direction in resolving the question of whether the District Court's judgment constituted a prior valid judgment on the merits in the context of the case before us.

{¶ 39}  In *Semtek Internatl. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001),[9] the petitioner filed a complaint in California state court.  The respondent removed the case to federal court on the basis of diversity of citizenship.  The federal court dismissed the lawsuit on statute of limitations grounds, designating its dismissal as "on the merits" and "with prejudice."  *Id.* at 499.  The petitioner then filed the same claims in a different state court, where the claim was not time-barred.  *Id.* at 499-500.  The state trial court, applying Fed.R.Civ.P. 41(b),[10] concluded that the federal court's dismissal was "an adjudication on the merits" and held that the claim was barred by res judicata/claim preclusion.  *Id.* at 505. The trial court's judgment of dismissal was upheld by the state appellate court.

{¶ 40} On the petitioner's appeal to the United States Supreme Court, the respondent argued that the basis for dismissing the federal case (statute of limitations) was

---

[8] "In order to establish a prima facie case of retaliation pursuant to R.C. 4112.02(I), a plaintiff must demonstrate that (1) the plaintiff engaged in a protected activity, (2) the employer knew the plaintiff engaged in the protected activity, (3) the employer subjected the plaintiff to an adverse employment action, and (4) a causal link existed between the protected activity and the adverse action." *Wu v. Northeast Ohio Med. Univ.*, 10th Dist. No. 18AP-656, 2019-Ohio-2530, ¶ 29, citing *Dautartas v. Abbott Laboratories*, 10th Dist. No. 11AP-706, 2012-Ohio-1709, ¶ 49.

[9] Our research uncovers no case law from the Supreme Court of Ohio or any Ohio appellate district addressing *Semtek.*

[10] Fed.R.Civ.P. 41(b) addresses involuntary dismissals and provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

not among the three exceptions delineated in Fed.R.Civ.P. 41(b) (jurisdiction, venue, or joinder) to an unspecified judgment being an adjudication "on the merits." *Id.* at 501. Accordingly, argued the respondent, the dismissal was entitled to claim-preclusive effect. *Id.* In a unanimous opinion, the United States Supreme Court rejected that argument, reasoning that respondents' "unstated minor premise that all judgments denominated 'on the merits' are entitled to claim-preclusive effect * * * is not necessarily valid." *Id.* The Court traced the evolution of the phrase "judgment on the merits," explaining that the original connotation of an "on the merits" adjudication was one that "actually 'pass[ed] directly on the substance of [a particular] claim' before the court." *Id.* at 501-02, quoting Restatement of Conflict of Law 2d, Section 19, Comment a, at 161 (1980). The Court further noted that over time, the phrase "judgment on the merits" has been applied to judgments "that do *not* pass upon the substantive merits of a claim and hence do *not* (in many jurisdictions) entail claim-preclusive effect." (Emphasis sic.) *Id.* at 502. The Court concluded that: "it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect." *Id.* at 503.

{¶ 41} Recognizing that in the context of Fed.R.Civ.P. 41(b), "adjudication upon the merits" is synonymous with a dismissal with prejudice, the Court explained that the effect of the "adjudication upon the merits" default provision of Rule 41(b) is simply that, unlike a dismissal "without prejudice," a dismissal with prejudice in federal court "bar[s] refiling of the same claim in" the same federal district court. *Id.* at 506. In other words, a dismissal with prejudice is "undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts." *Id.* The Court further reasoned that to apply to such context a rule from a federal jurisdiction to a state jurisdiction would violate the jurisdictional limitation of the Federal Rules Enabling Act and principles of federalism.[11]

---

[11] The *Semtek* Court reasoned as follows:

> "[I]t would be peculiar to find a rule governing the effect that must be accorded federal judgments by other courts ensconced in rules governing the internal procedures of the rendering court itself. Indeed, such a rule would arguably violate the jurisdictional limitation of the Rules Enabling Act: that the Rules 'shall not abridge, enlarge or modify any substantive right,' 28 U.S.C. § 2072(b). Cf. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 842, 144 L. Ed. 2d 715, 119 S. Ct. 2295 (1999) (adopting a 'limiting construction' of Federal Rule of Civil Procedure 23(b)(1)(B) in order to 'minimize potential conflict with the Rules Enabling Act, and [to] avoid serious constitutional concerns'). In the present case, for example, if California law left petitioner free to sue on this claim in Maryland even after the California statute of limitations had expired, the federal court's extinguishment of that right (through Rule 41(b)'s mandated claim-preclusive effect of its judgment) would seem to violate this limitation.

{¶ 42} In *Styskal v. Weld Cty. Bd. of Cty. Commrs.*, 365 F.3d 855 (10th Cir.2004), the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") applied the language in *Semtek* in a non-diversity jurisdiction case. There, the plaintiff filed a complaint in federal court asserting federal claims under 42 U.S.C. 1983 and the Equal Protection Clause of the Fourteenth Amendment and state-law claims for trespass, negligence, and conspiracy. *Id.* at 857. The district court ultimately dismissed the 1983 claims without prejudice, dismissed the equal protection claim with prejudice, and dismissed the state-law claims with prejudice upon a finding that it lacked supplemental jurisdiction to hear them because they were not sufficiently related to the 1983 claims. *Id.* at 857. On appeal, the plaintiff argued that because the district court declined to exercise supplemental jurisdiction over her state-law claims, the district court's dismissal of those claims should not have been with prejudice; rather, the district court should have dismissed them without prejudice so that she could pursue them in state court. *Id.*

{¶ 43} The Tenth Circuit found that the plaintiff's appeal was based on the faulty premise that a dismissal of a claim with prejudice necessarily has claim-preclusive effect in other jurisdictions. *Id.* at 858. Applying *Semtek*, the Tenth Circuit determined that the District Court's dismissal with prejudice:

> [D]oes not necessarily mean anything more than that Plaintiff cannot refile her claim in the [same federal district court]. Whether she is barred from filing her claim in [state] court is a matter of claim-preclusion law that is not determined solely by how the federal court dismissal is styled. * * * The state court's decision regarding whether claim preclusion prevents a state

---

Moreover, as so interpreted, the Rule would in many cases violate the federalism principle of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80, 82 L. Ed. 1188, 58 S. Ct. 817 (1938), by engendering ' "substantial" variations [in outcomes] between state and federal litigation' which would 'likely . . . influence the choice of a forum,' *Hanna v. Plumer*, 380 U.S. 460, 467-468, 14 L. Ed. 2d 8, 85 S. Ct. 1136 (1965). See also *Guaranty Trust Co. v. York*, 326 U.S. 99, 108-110, 89 L. Ed. 2079, 65 S. Ct. 1464 (1945). Cf. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 748-753, 64 L. Ed. 2d 659, 100 S. Ct. 1978 (1980). With regard to the claim-preclusion issue involved in the present case, for example, the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitation periods. See Restatement (Second) of Conflict of Laws §§ 142(2), 143 (1969); Restatement of Judgments § 49, Comment *a* (1942). Out-of-state defendants sued on stale claims in California and in other States adhering to this traditional rule would systematically remove state-law suits brought against them to federal court -- where, unless otherwise specified, a statute-of-limitations dismissal would bar suit everywhere."

(Footnote omitted.) *Semtek* at 503-04.

> lawsuit will depend upon the basis of the federal court's dismissal, not the nomenclature employed by the federal court to describe the dismissal.

*Id.* at 859. The Tenth Circuit concluded the District Court's judgment did not necessarily preclude the plaintiff from refiling her state-law claims in state court. In a footnote, the Tenth Circuit provided the following example:

> [I]f the federal court's ruling is based on the substance of the claim * * *, the doctrine of claim preclusion would ordinarily prevent further proceedings on the claim in a later state action. But if the federal court's dismissal is based on a procedural ground, the federal ruling is unlikely to have any preclusive effect in state court, even though the dismissal may bar the plaintiff from returning to federal court.

*Id.* at 859, fn. 1.

{¶ 44} Applying *Semtek* and *Styskal* in the present case, we conclude the District Court's decision dismissing Blank's Title VII retaliation "with prejudice" does not serve to bar him from pursuing a R.C. 4112.02 retaliation claim in state court. To warrant claim-preclusive effect on his R.C. 4112.02 retaliation claim, the District Court must have actually passed directly on the substance of that claim. The District Court's decision did not do so. As noted above, the District Court construed Blank's retaliation claim as one raised under Title VII and dismissed it for failure to exhaust administrative remedies. Dismissal for failure to exhaust administrative remedies is not considered on the merits for purposes of res judicata. ("[The] claims were dismissed for failure to exhaust administrative remedies, which is not considered a ruling on the merits for res judicata purposes."). *Grose v. Mnuchin*, 6th Cir. No. 18-5746 (Sept. 27, 2019), citing *Pearson v. Intl. Union, United Auto., Aerospace & Agricultural Implement Workers of Am.*, 99 Fed.Appx. 46, 54-55 (6th Cir. 2004). Under *Semtek* and *Styskal*, the District Court's decision, despite being styled a dismissal "with prejudice," is not a judgment "on the merits" with regard to the retaliation claim warranting claim-preclusive effect in another court.

{¶ 45} Accordingly, as to Blank's retaliation claim, we sustain the assignment of error to the extent it alleges the trial court erred in holding that the claim was barred by res judicata/claim preclusion.

{¶ 46} We next address Blank's race discrimination claim filed pursuant to R.C. 4112.02. Initially, we note Blank did not assert a claim for race discrimination[12] under either federal or state law in his federal complaint. As such, the District Court did not dismiss such a claim for failure to exhaust administrative remedies or for any other reason. Blank asserted his R.C. 4112.02 race discrimination claim for the first time in the complaint filed in the trial court. The factual allegations Blank sets forth in support of his race discrimination claim occurred during the period Blank was employed by Nationwide and prior to (discipline and demotion) or during (termination) the time the federal complaint was pending; as such, he could have raised a claim for race discrimination pursuant to R.C. 4112.02 in his federal complaint. Thus, the third element of res judicata/claim preclusion would be satisfied—the present action raises claims that were or could have been litigated in the prior action. Nevertheless, we must still consider whether the first element is satisfied—was the District Court judgment a prior valid judgment on the merits.

{¶ 47} As noted above, Blank did not file a race discrimination claim in the District Court. But, he did file a disability discrimination claim expressly pursuant to R.C. 4112.02, and the District Court expressly construed the disability discrimination claim as being filed pursuant to R.C. 4112.02 ("[p]laintiff brings his disability discrimination claim pursuant to Ohio Revised Code § 4112.02"). (District Court Decision at 11.) The District Court determined that Blank did not establish a prima facie case of "disability discrimination under Ohio law" because he did not establish that he had a disability as defined by section R.C. 4112.01(A)(13). (District Court Decision at 11.) The District Court further determined that even if Blank could establish a prima facie case of disability, he was unable to satisfy the ultimate burden because "Nationwide is able to satisfy its burden by articulating a legitimate nondiscriminatory reason for Plaintiff's discipline and demotion" and Blank provided "no evidence that his alleged disability was the true reason [pretext] for his demotion." (District Court Decision at 13, 15.) The District Court held that Nationwide is entitled to summary judgment on Blank's disability discrimination claim. The Sixth Circuit

---

[12] We distinguish the race discrimination claim from the reverse race discrimination claim Blank filed pursuant to Title VII in the District Court. Furthermore, even if we were to consider the race discrimination claim and the reverse race discrimination claim to be the same, we would still come to the same conclusion because, as further explained above, there was a prior valid final judgment on the merits as to the disability discrimination claim and Blank could have litigated the race discrimination claim in the District Court.

thoroughly analyzed the District Court's determination regarding the disability discrimination claim and affirmed the District Court holding "Blank cannot establish a prima facie case of disability discrimination." (Sixth Circuit Decision: *Blank*, 6th Dist. No. 20-3969, at 19.)

**{¶ 48}** In so ruling, the District Court and Sixth Circuit entered judgments on the merits as to a discrimination claim filed pursuant to R.C. 4112.02.[13] It is true that the District Court's judgment addressed disability discrimination and the elements of disability and discrimination because of disability. Whereas the claim filed in the trial court on appeal before us now is race discrimination and the elements of race and discrimination because of race. Nevertheless, as to a discrimination claim filed pursuant to R.C. 4112.02, the District Court judgment is a prior valid judgment on the merits satisfying the first element of res judicata and claim preclusion. As noted above, Blank could have asserted his race discrimination claim in his federal action satisfying the third element of res judicata. Therefore, as Blank does not dispute the second and fourth elements are satisfied, res judicata/claim preclusion barred him from filing the race discrimination claim in his state court action.

---

[13] In Ohio, employment discrimination claims based on disability or race are made pursuant to Division (A) of R.C. 4112.02. Whereas employment retaliation claims are made pursuant to Division (I) of R.C. 4112.02. R.C. 4112.02(A) addressing employment discrimination states:

It shall be an unlawful discriminatory practice:

(A) For any employer, because of the *race*, color, religion, sex, military status, national origin, *disability*, age, or ancestry of any person, to *discharge* without just cause, to refuse to hire, or *otherwise to discriminate* against that person with respect to hire, tenure, *terms*, *conditions*, or privileges of employment, *or any matter directly or indirectly related to employment*.

(Emphasis added.) R.C. 4112.02(I) addressing employment retaliation states:

It shall be an unlawful discriminatory practice:

* * *

(I) For any person to discriminate in any manner against any other person *because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.*

(Emphasis added.)

{¶ **49**} Accordingly, as to Blank's race discrimination claim, we overrule the assignment of error to the extent it alleges the trial court erred in holding that the claim was barred by res judicata/claim preclusion.

## IV. Conclusion

{¶ **50**} As such, based on this court's de novo review of the law as it applies to the unique procedural facts of this case, we conclude the trial court improperly accorded claim-preclusive effect to Blank's retaliation claim based on the District Court's judgment of dismissal. Because the dismissal did not have res judicata effect, the trial court erred in granting summary judgment in favor of Nationwide as to the retaliation claim. However, we conclude the trial court properly accorded claim-preclusive effect to Blank's race discrimination claim based upon the District Court's judgment of dismissal. Therefore, the trial court did not err in granting summary judgment in favor of Nationwide as to the race discrimination claim.

{¶ **51**} Based on the foregoing, Blank's sole assignment of error is sustained in part and overruled in part, and the judgment of the Franklin County Court of Common Pleas is reversed in part and affirmed in part, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment affirmed in part;*
*reversed in part;*
*cause remanded.*

BOGGS and EDELSTEIN, JJ., concur.

————————————